UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JOSHUA HAWKINS
c/o Eau Claire County Jail
710 Second Avenue
Eau Claire, WI 54703

Case No.:   20-352

TYLER MOE
3558 E. Meadows Plaza
Eau Claire, WI 54701

PHILLIP GEISSLER
3636 Jeffers Road
Eau Claire, WI 54703,

      Plaintiffs,

v.

LUTHERAN SOCIAL SERVICES OF
WISCONSIN AND UPPER MICHIGAN, INC.
c/o Registered Agent Solutions, Inc.
901 S. Whitney Way
Madison, WI 53711

COMMUNITY TRANSITION CENTER
("CTC")
306 South Barstow Street
Eau Claire, WI 54701

EAU CLAIRE COUNTY
c/o County Clerk Janet Loomis
Eau Claire County Government Center
721 Oxford Ave.
Suite 3350
Eau Claire, WI 54703

      Defendants.

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

1

Plaintiffs, Joshua Hawkins, Tyler Moe and Phillip Geissler, by their attorneys, Herrick & Hart, S.C., by Attorney Jay E. Heit, allege and state as follows for the Complaint against the Defendants:

## PARTIES

1. Plaintiff Joshua Hawkins is an adult resident of Eau Claire County, Wisconsin with a current address of Eau Claire County Jail, 710 Second Avenue, Eau Claire, Wisconsin 54703.

2. Plaintiff Tyler Moe is an adult resident of Eau Claire County, Wisconsin with a current address of 3558 E. Meadows Plaza, Eau Claire, Wisconsin, 54701.

3. Phillips Geissler is an adult resident of Eau Claire County, Wisconsin with a current address of 3636 Jeffers Road, Eau Claire, Wisconsin 54703.

4. Defendant Lutheran Social Services of Wisconsin and Upper Michigan, Inc. (hereinafter "LSS") is a non-stock corporation registered in Wisconsin. Its registered agent is Registered Agent Solutions, Inc. at 901 S. Whitney Way in Madison, Wisconsin 53711. It has a principal place of business at 6737 W Washington Street, Suite 2275 in West Allis, Wisconsin 53214. It also has an office in Eau Claire, Wisconsin located at 120 South Barstow Avenue, Eau Claire, Wisconsin 54701.

5. LSS operates a case management program and related services called Community Transition Center or CTC. CTC is located at 124 South Barstow Street in Eau Claire, Wisconsin 54701. CTC advertises and represents that it "is a case-management program providing a full-range of correctional services to Eau Claire County." CTC takes clients only on a referral basis from either the Eau Claire County Adult Court System or the Wisconsin Department of Corrections.

6. Defendant Eau Claire County is a political corporation or body politic in the State of Wisconsin. The County Clerk is Janet K. Loomis with a business address of Eau Claire County Government Center 721 Oxford Avenue, Suite 3350, Eau Claire, WI 54703. At all times material hereto Eau Claire County was acting through the Eau Claire County Board of Supervisors and the County Administrator and with the assistance or recommendation of the Eau Claire County Criminal Justice Collaborating Council, Tiana Glenna coordinator. They are all collectively referred to herein as "Eau Claire County."

7. As a political corporation and governmental body, Eau Claire County's actions as set forth herein are under color of state law. Eau Claire County contracts with LSS to provide services, including the subject case management services through CTC. LSS's actions by, through, and at CTC are therefore actions under color of state law.

8. This action is properly maintained as a class action under Fed. R. Civ. P. 23(a) and 23(b)(1) and (3). The class represented by plaintiffs, Joshua Hawkins and Phillip Geissler include all persons 18 years of age or older who are being subjected to the CTC program as a condition of their pre-conviction, pre-trial, bond. The class represented by Plaintiff, Tyler Moe

includes all persons 18 years of age or older who, while subject to the CTC program as a condition of their pre-conviction, pre-trial, bond, were incarcerated for a purported program violation without due process and without judicial authority. The class represented by Joshua Hawkins include all persons 18 years of age or older who, while subject to the CTC program as a condition of their pre-conviction, pre-trial, bond, were charged with bail jumping for a purported program violation.

## JURISDICTION AND VENUE

1. This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

2. Supplemental jurisdiction over Plaintiffs' state law claims is also present pursuant to 28 U.S.C. §1367.

3. Venue is proper in the United States District Court for the Western District of Wisconsin in that the events and conduct complained of herein all occurred in the Western District of Wisconsin. The Defendants maintain offices and provide services in the Western District of Wisconsin. All actions occurred and continue to occur in Eau Claire County, Wisconsin.

4. This Court has jurisdiction. Under 42 U.S.C. § 1983, parties may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and federal laws. The following federal constitutional or statutory rights have been violated by state or local officials: the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution

5. Section 1983 is an appropriate mechanism to challenge the constitutionality of the pretrial procedures in question through the CTC program.

6. Section 1983 allows defendants to be found liable when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." At all times relevant hereto, Defendants were acting under color of law and CTC was operating pursuant to a contract with Eau Claire County, Wisconsin, and was providing services which are judicial in nature.

## FACTUAL ALLEGATIONS

1. Circuit Court Judges in Eau Claire County frequently refer criminal defendants to CTC as a condition of their pre-trial, pre-conviction, bond.

2. Often times the referral is made for non-drug related crimes and/or for crimes where there is little or no risk of harm to the public at large.

3.     While a judge may utilize bail bond conditions, he or she may do so only in a manner that does not delegate the discretionary authority involved in setting bond conditions to another entity such as CTC.

4.     Pretrial drug and alcohol testing involves fundamental liberty interests.

5.     CTC determines a plan of alcohol and drug testing and of programming for the participant. CTC requires that the participant agree to CTC's authority to set the testing and programming terms and conditions, to agree to CTC's authority to determine if there is a violation, to agree to CTC's authority and to agree to CTC's discretion to impose a sanction for such purported violations. All of these things are done by CTC and without judicial oversight, approval, or intervention.

6.     As a matter of constitutional principle and established law, pretrial bond conditions and sanctions for violations are especially onerous, not only because of the drastic impact on a defendant's freedom, but also because they often have a substantial impact on a defendant's ability to assist in his or her defense. These restrictions and conditions and sanctions are all being imposed prior to trial and conviction. Thus, they must be carefully crafted and applied so as to protect constitutional rights.

7.     Once in the CTC program, the criminal defendants are subject to the rules of CTC. The program is administered and governed by CTC.

8.     CTC sets rules and conditions of the program as a whole, and for the individual defendants who are participants, including the programming, testing requirements and frequency, and sanctions for positive tests or missed tests or other purported violations of the CTC program. Thereby CTC is setting the conditions of the bond and the sanctions for alleged or purported violation.

9.     Based on the defendant's actions, CTC adjusts the conditions of the testing and therefore CTC is adjusting the conditions of the bond.

10.    Given these changing bond conditions, without judicial oversight and without due process, participants in the CTC program do not have the requisite knowledge as to what actions violate the terms of their bond.

11.    The increased frequency of drug testing as a result of a positive or missed sample is determining the appropriate sanction for a bond violation, i.e., a sanction for the positive or missed sample. Increased testing is both a sanction and a change in bond conditions, both of which require judicial discretion and determination and cannot be made by CTC.

12.    Not only is CTC setting and changing the conditions of the bond without judicial or court involvement oversight, order, or, hearing, but CTC also imposes sanctions ranging from increased testing, intervention services, immediate jail, or termination from the program, and does so without judicial or court involvement, oversight, order, or hearing.

13.     The sanctions imposed by CTC include having the defendant taken into custody and sent to jail without a court appearance or order of the judge. Additional sanctions include the issuance of a bail jumping charge.

14.     CTC's actions in terminating a defendant from the program at its own discretion, puts the defendant in violation of his or her bond conditions subjecting the defendant to further criminal charges and jail time.

15.     This is all done by CTC without appearance before, or findings by the judge, before whom the case is pending. No court or judicial oversight or hearing is involved. CTC improperly exercises sole authority and discretion to modify testing and impose sanctions on those within the program. Only after a participant is sent to jail for a purported violation, a decision which made by CTC without hearing or recourse, is the court involved.

16.     So too, only after CTC terminates a defendant from the program as a sanction, thereby putting a defendant in violation of his or her bond, is the court involved. However, by then the defendant is in violation of the original bond and subject to bond jumping charges. A defendant does not have the opportunity to have the court review termination prior to having his participation revoked.

17.     Because the discretion inherent in imposing bond conditions, modifying bond conditions, and imposing sanctions for purported violations are all judicial functions that may not be delegated, Eau Claire County lacks the authority to grant CTC the power to determine what bond conditions, testing requirements, and/or sanctions should apply to participants and CTC therefore operates and conducts such actions without authority and contrary to federal and state constitutional provisions and state statutes in so doing.

18.     Setting and changing bond conditions are a judicial function. It is incident to the court's power to hear and determine cases. Necessarily, the discretion to set conditions of a bail bond is also a part of the court's judicial function. Therefore, just as a court may not delegate its power to set bail, it may not hand over its authority to determine the conditions of the bail bond. CTC impermissibly acts in contravention of these principles as set forth above.

19. In addition, providing testing results to the District Attorney as opposed to solely the court, violates the Plaintiffs' right to privacy.

20.     As it relates to the named Plaintiffs, each of whom has been personally affected by the Defendants' actions:

    A.      Joshua Hawkins. On July 12, 2019 Joshua Hawkins appeared in Eau Claire county Circuit Court pursuant to Eau Claire County Case 19 CF 1009. As a condition of bond in that case, Hawkins was ordered to report to CTC and to comply with testing/programming per CTC rules thereafter while said bond conditions were in effect. At intake to CTC on July 15, 2019, Hawkins tested positive for methamphetamine, amphetamine, morphine, and methadone. He then missed three testing appointments on July 20, 23, and 24, 2019. On July 25, 2019 CTC advised Hawkins he would have to spend a night in jail as a sanction for missed testing

appointments. He did not report to jail and was subsequently charged with bail jumping, a Class H felony, in Eau Claire County Case 2019 CF1115.

B. Tyler Moe. In February of 2019, Mr. Moe was ordered to CTC as a condition of his bond in Eau Claire County Cases 19 CF 182 and 19 CF 440. On March 12, 2019, Mr. Moe had a positive ETG that result in CTC imposed an increased testing sanction. Mr. Moe missed a scheduled test on March 19, 21, and 24. CTC imposed a jail sanction. Mr. Moe served time in jail from March 26 to March 27, 2019. Afterward Mr. Moe did not return to CTC for testing and missed scheduled testing resulting in his termination from the program. He was charged with bond jumping in 19-CF-636.

C. Phillip Geissler. On May 20, 2019, Phillip Geissler appeared in Eau Claire county Circuit Court pursuant to Eau Claire County Case 19 CF 698. As a condition of bond in that case, Geissler was ordered to report to CTC and to comply with testing/programming per CTC rules thereafter while said bond conditions were in effect. At intake to CTC on May 10, 2019,Geissler tested positive for ETG which resulted in increased testing and a positive test for THC which led to jail sanctions. He was unable to provide a sample on March 20th, then missed six testing appointments on March 31, April 8, 9, 10, 12 and 13, 2019.

FIRST CAUSE OF ACTION
Right to Be Secure From Unreasonable Seizures
42 U.S.C. §1983 - Fourth Amendment; Art. 1, §11, Wisconsin Constitution

1. Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs.

2. Defendants and their employees and agents violated Plaintiffs' Fourth Amendment rights under the United States Constitution, and the Plaintiffs' rights under Article 1, §11 of the Wisconsin Constitution, to be free from unreasonable seizure and to be secure in their persons.

3. The drug testing conditions constitute warrantless searches not subject to a recognized exception to the warrant requirement. This is especially so because while purportedly a condition of pretrial bail, the testing requirements and programming are done without judicial oversight or recourse to be heard to protect the defendant's rights.

4. Defendants are subject to deprivation of their liberty interests and to additional criminal charges by being required to participate in testing and subjecting themselves to CTC control without warrant, without particularized probable cause, and without exception to the requirements of a warrant.

5. The testing is done for the primary purpose of crime control. Testing is done out of concern that the participant may commit a crime in the future, but there is no probable cause to support that concern.

6. If a defendant is to be released subject to bail conditions that will help protect the community from the risk of crimes he or she might commit while on bail, the conditions must be justified by a showing that the defendant poses a heightened risk of misbehaving while on bail.

The government cannot short-circuit the process by claiming that the arrest itself is sufficient to establish that the conditions are required.

7.    Those who have yet to be convicted of a crime have greater privacy rights, expectations of privacy, and levels of constitutional protections than those who are in custody or those who have been found guilty.

8.    Once a state decided to release a criminal defendant pending trial, the state may impose only such conditions as are constitutional.

9.    Pretrial release conditions remain subordinate to the Fourth Amendment.

10.   A person cannot effectively consent to an unconstitutional condition of pretrial release or to one that is outside the authority of the judge to impose.

11.   Mandatory suspicionless testing as conditions of pretrial release is neither narrowly tailored nor the least restrictive means to prevent crime and ensure public safety.

12.   CTC's program which gives it discretion to set testing and program requirements requires defendants to submit to a search without a warrant and without any judicial oversight or protection. When and how such searches (i.e. samples) are required is determined solely at CTC's discretion.

13.   CTC uses the same testing and discretionary criteria for testing and sanctions as it does for those that are in the program as a condition of probation, thus improperly rendering pretrial releasees experiences virtually indistinguishable from that of probationers. But there is a constitutionally relevant distinction between someone who has been convicted of a crime and someone who has been merely accused of a crime but is still presumed innocent and awaiting trial.

14.   The program and its implementation violates the Plaintiffs' rights under the Fourth Amendment and Art. 1, §11, Wisconsin Constitution. Defendants and their employees and agents violated Plaintiffs' rights. Plaintiffs are damaged thereby.

SECOND CAUSE OF ACTION
42 U.S.C. §1983 – Fifth Amendment; Art. 1, §8, Wisconsin Constitution

1.    Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs.

2.    Plaintiffs have rights against self-incrimination under the Fifth Amendment and Art. 1, §8, of the Wisconsin Constitution

3.    Once a state decided to release a criminal defendant pending trial, the state may impose only such conditions as are constitutional.

4.      A person cannot effectively consent to an unconstitutional condition of pretrial release or to one that is outside the authority of the judge to impose.

5.      The CTC system impermissibly requires a defendant to forfeit his or her Fifth Amendment rights against self-incrimination.

6.      A pretrial releasee and CTC participant is required to comply with testing and programming conditions, set solely by CTC without judicial oversight, but where the participant faces legal consequences including sanctions, jail time, termination from the program, and/or additional misdemeanor or felony charges for bail jumping for either refusing to take a test, missing a test, or testing positive.

7.      CTC can sanction a pretrial release, such as the Plaintiffs in this case, for participating or not participating so regardless of what a defendant does, CTC holds the defendant's actions against him or him.

8.      As opposed to reducing the risk that the pretrial releasee will commit other crimes, or protecting the public, the testing is used against the participant to his detriment not only for amending bond conditions without judicial oversight, but also for any new charges, and, disturbingly, to gain an advantage against the defendant in his or her pending case. The participants subjected to the program typically have addiction or other substance abuse issues. Suspicion-less pretrial testing casts far too broad a net including those who are destined to not only fail as a result of their addiction, but now be subject to additional charges, which in some cases is more than their original charge. As the likelihood of a conviction for bail jumping for a positive drug or alcohol test is great, the defendant is at a disadvantage as he or she faces punishment even if ultimately acquitted of the initial charge. As such, the State has an upper hand in plea negotiations and defendants are prejudiced by the pretrial testing condition. Prosecutors often offer to dismiss the bail jumping charges to get defendants to plea to the original charge. If they do not agree to do so, they face the possibility of a much more severe sentence than they would have without the bail jumping charges.

9.      At least one study has shown that Eau Claire County has a higher than average percentage of bail jumping charges. In 2016 misdemeanor and felony bail jumping ranked second and first respectively as the most charged crimes in the County. Combined, bail jumping had more than twice the charges compared to the next highest ranked charge of disorderly conduct. This same study opines that in Eau Claire County for 2016 there were 524 cases with bail jumping leverage potential and that it appears that in 419 of them, or 79.96%, bailed jumping leverage may have been exercised. Plaintiffs maintain this is a direct result of the Defendants' actions and the CTC program which is unconstitutional.

10.     The program and its implementation violates the Plaintiffs' rights under the Fifth Amendment and Art. 1, §8, Wisconsin Constitution. Defendants and their employees and agents violated Plaintiffs' rights. Plaintiffs are damaged thereby.

THIRD CAUSE OF ACTION
Right to Privacy
42.U.S.C. §1983 – First, Fourth, Fifth, Ninth, and Fourteenth Amendment;
Art. 1, §6, 7, 8 and 11, Wisconsin Constitution

1. Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs.

2. As established through constitutional jurisprudence, there exists a right to privacy based on the First, Fourth, Fifth, Ninth, and Fourteenth Amendments. These same principles are found in Art. 1, §§6, 7, 8 and 11 of the Wisconsin Constitution. Plaintiffs have a right to privacy in their respective testing information and results.

3. Plaintiffs did not waive their privacy rights. Nor could they effectively be required to consent to an unconstitutional condition of pretrial release or to one that is outside the authority of the judge to impose.

4. CTC violates the Plaintiffs' right to privacy by sharing the testing information and results with the District Attorney's Office.

5. This private information is then used to provide the basis for a bond jumping charge against the Plaintiffs.

6. The program and its implementation violate Plaintiffs' rights to privacy as set forth in the Constitution under the penumbra of the First, Fourth, Fifth, Ninth, and Fourteenth Amendment, and as set forth in Art. 1, §6, 7, 8 and 11 of the Wisconsin Constitution. Defendants and their employees and agents violated Plaintiffs' rights. Plaintiffs are damaged thereby.

FOURTH CAUSE OF ACTION
Excessive bail and cruel and unusual punishments prohibited
42 U. S. C. §1983 – Eighth Amendment; Art. 1, §6, Wisconsin Constitution

1. Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs.

2. Plaintiffs have rights against excessive bail conditions and cruel and unusual punishment under the Eighth Amendment and Art. 1, §6, of the Wisconsin Constitution

3. Once a state decided to release a criminal defendant pending trial, the state may impose only such conditions as are constitutional.

4. A person cannot effectively consent to an unconstitutional condition of pretrial release or to one that is outside the authority of the judge to impose.

5. CTC's unilateral discretion, without judicial oversight, to set testing and programming conditions, to modify those, to impose sanctions, to send to jail as a sanction, and to terminate from the program thereby resulting in the participant being in violation of their bond and subject to additional charges and penalties, all without judicial oversight, amounts to excessive bail and cruel and unusual punishment.

6.  The program and its implementation violates the Plaintiffs' rights under the Eighth and Art. 1, §6, Wisconsin Constitution. Defendants and their employees and agents violated Plaintiffs' rights. Plaintiffs are damaged thereby.

FIFTH CAUSE OF ACTION
Violation of Due Process of Law
42 U.S. C. §1983 – Fourteenth Amendment; Art. 1, §7 and 8, Wisconsin Constitution

1.  Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs.

2.  Plaintiffs have due process rights under the Fourteenth Amendment and Art. 1, §7 and 8, of the Wisconsin Constitution requiring the right of the accused to be heard and requiring due process of law.

3.  Once a state decided to release a criminal defendant pending trial, the state may impose only such conditions as are constitutional.

4.  A person cannot effectively consent to an unconstitutional condition of pretrial release or to one that is outside the authority of the judge to impose.

5.  As set forth above, once subjected to the CTC program as a condition of pretrial bond, a defendant is subject to bond conditions, modifications, and sanctions without due process.

6.  The CTC program and its implementation is contrary to the constitutional protection in Wisconsin that all persons, before conviction, shall be eligible for release under reasonable conditions designed to assure their appearance in court, protect members of the community from serious bodily harm or prevent the intimidation of witnesses

7.  The program and its implementation violates the Plaintiffs' rights under the Fourteenth and Art. 1, §7 and 8, Wisconsin Constitution. Defendants and their employees and agents violated Plaintiffs' rights. Plaintiffs are damaged thereby.

SIXTH CAUSE OF ACTION
VIOLATION OF WISCONSIN CONSTITUTION

1.  Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs.

2   In addition to the provisions of the Wisconsin Constitution set forth above, Wis. Const. Art. VII, § 8 provides that, except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law. The circuit court may issue all writs necessary in aid of its jurisdiction.

3.  The Wisconsin constitution governs the delegation of judicial power.

4.     Judges in Wisconsin cannot delegate judicial authority, even upon the consent of the parties.

5.     Only the court can grant, reduce, increase, or revoke the conditions of release. See Wis. Const. Art. VII, § 8. See also Wis. Stats. Ch. 969 including, but not limited to, §960.01 and §969.08.

6.     The CTC program is an unconstitutional delegation of judicial authority.

7.     As such, said program and its implementation likewise violates the Wisconsin statutes including, but not limited to, Wis. Stats.§969.08 which vests the authority and power to alter other conditions of release or the bail bond with the court and subject to due process protections.

8.     Further, pursuant to such legislative mandate, a defendant who cannot meet the conditions of bond is entitled to have the conditions of release reviewed by the judge of the court before whom the action against the defendant is pending.

9.     The program and its implementation violates the Plaintiffs' rights under the Eighth and Art. 1, §6, Wisconsin Constitution. Defendants and their employees and agents violated Plaintiffs' rights. Plaintiffs are damaged thereby.

## DEMAND FOR JURY TRIAL

The Plaintiffs respectfully request a jury trial.

WHEREFORE, Plaintiffs pray as follows:

1.     For certification of a class;

2.     For a declaratory judgment that Defendants' policies, practices and conduct as alleged herein violate Plaintiffs' rights under the United States and Wisconsin constitutions and the laws of Wisconsin;

3.     For a permanent injunction, enjoining and restraining Defendants from engaging in the policies, practices, and conduct complained of herein;

4.     For damages in an amount to be determined according to proof including monetary damages;

5.     For costs of suit and actual attorney fees as provided by law; and

6.     For such other and relief as the Court deems just and proper.


Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose,

such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated this 15th day of April, 2020.

HERRICK & HART, S.C.

By:  /s/ electronically signed by Jay E. Heit
Jay E. Heit
Attorneys for Plaintiffs
State Bar No. 1026582

Post Office Address:

Herrick & Hart, S.C.
116 West Grand Avenue
Post Office Box 167
Eau Claire, WI 54702-0167
(715) 832-3491